This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42420**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**EDISON BEGAY,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Stephen M. Wayne, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Thomas J. Lewis, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals from his convictions for first degree criminal sexual penetration of a minor (CSPM) and intimidation of a witness. [BIC 1] Defendant contends that the evidence was insufficient to support his convictions, including that the district court erred in denying Defendant a directed verdict. [BIC 1, 7-14] *See State v. Armijo*, 1997-NMCA-080, ¶ 16, 123 N.M. 690, 944 P.2d 919 ("A motion for a directed verdict challenges the sufficiency of the evidence.").

**{3}** "[A]ppellate courts review sufficiency of the evidence from a highly deferential standpoint." *State v. Slade*, 2014-NMCA-088, ¶ 13, 331 P.3d 930 (omission, internal quotation marks, and citation omitted). "All evidence is viewed in the light most favorable to the state, and we resolve all conflicts and make all permissible inferences in favor of the jury's verdict." *Id.* (alterations, internal quotation marks, and citation omitted). Further, "appellate courts do not search for inferences supporting a contrary verdict or re[]weigh the evidence because this type of analysis would substitute an appellate court's judgment for that of the jury." *Id.* (internal quotation marks and citation omitted).

**{4}** We look to the jury instructions to determine what the jury was required to find in order to convict Defendant beyond a reasonable doubt. *See State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409 ("The jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." (alterations, internal quotation marks, and citation omitted)). Relevant to the issues raised by Defendant's appeal, the jury was instructed that to find Defendant guilty of CSPM, the State must have proven beyond a reasonable doubt that Defendant "caused the insertion, to any extent, of a finger into the vulva or vagina" of the minor victim (Victim). [RP 115] The jury was also provided with definitions for a person's "vulva" and "vagina." [RP 117] To find Defendant guilty of witness intimidation, the State must have proven beyond a reasonable doubt, in relevant part, that Defendant "knowingly intimidated or threatened with the intent to keep [Victim] from truthfully reporting to a law enforcement officer information related to: the commission or possible commission of" either CSPM or criminal sexual contact of a minor. [RP 121]

**{5}** Defendant's brief in chief indicates Victim testified that, during the relevant time frame, when Victim was twelve, Defendant put his hand on her thigh and then reached under her spandex shorts and her underwear and touched her vagina with two fingers. [BIC 4] As to the specific areas touched, Victim initially testified that Defendant only rubbed the outside of her vagina with his fingers [BIC 4, 9], but on further questioning she stated that Defendant touched the opening of her vagina and her inner lips. [BIC 5] Victim also testified that Defendant told her to say nothing or he would hurt Victim's little brother. [BIC 4] Viewing this evidence in the light most favorable to the State, resolving all conflicts and making all permissible inferences in favor of the jury's verdict, we propose to conclude that there was sufficient evidence to support Defendant's convictions beyond a reasonable doubt. *See Slade*, 2014-NMCA-088, ¶ 13; *see also State v. Flores*, 2010-NMSC-002, ¶ 19, 147 N.M. 542, 226 P.3d 641 (stating that "circumstantial evidence alone can amount to substantial evidence" and that "intent is subjective and is almost always inferred from other facts in the case" (alteration,

omission, internal quotation marks, and citation omitted)), *overruled on other grounds by State v. Martinez*, 2021-NMSC-002, ¶ 87, 478 P.3d 880.

**{6}** We recognize that Victim was the only testifying witness to provide direct evidence of the claimed conduct in this case and that there were reasons to question her credibility, including that she wrote a somewhat fictionalized account of the encounter in her journal [BIC 5], and that her testimony was somewhat inconsistent with regard to exactly where Defendant touched her [BIC 8-10], perhaps due to—as claimed by Defendant— an "uncertain grasp of anatomical details" distinguishing the different parts of her genital area [BIC 10]. However, there is no merit to Defendant's claim that Victim's testimony was insufficiently specific to establish that the acts were in fact committed or to permit the jury to distinguish between the various types of sex acts committed. [BIC 16] *See State v. Tapia*, 2015-NMCA-048, ¶ 9, 347 P.3d 738 (noting that "we need not be so anatomically exacting" when we review "the presence or absence of substantial evidence on appeal" and that "it would be unwise for us to establish within our case[ ]law any requirement that the trial record reflect comprehension of anatomic specifics or the technical nuances of what constitutes penetration under the applicable jury instruction," given the age of the testifying victims in many CSPM cases); *Id.* (concluding the evidence was sufficient "to allow a jury to utilize its fact[-]finding autonomy to find that the [s]tate satisfied its evidentiary burden as to the penetrative element of CSPM" when "[a]pplying the definitions of vagina and vulva in light of the requirement that penetration minimally occur to any extent").

**{7}** We are likewise not persuaded by Defendant's arguments that Victim's testimony was so unreliable that it cannot be used to support, beyond a reasonable doubt, the jury's determination of guilt. [BIC 13] It was for the jury to resolve any conflicts and determine weight and credibility in the testimony. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482; *see also State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (explaining that "the jury is free to reject Defendant's version of the facts"); *State v. Soliz*, 1969-NMCA-043, ¶ 8, 80 N.M. 297, 454 P.2d 779 ("Credibility is not determined by the number of witnesses. As a general rule, the testimony of a single witness is sufficient evidence for a conviction."). We do not reweigh the evidence on appeal, and we may not substitute our judgment "for that of the fact[-]finder, [as] long as there is sufficient evidence to support the verdict." *See State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156.

**{8}** Based on the foregoing, sufficient evidence supported Defendant's convictions, and it was not error for the district court to deny directed verdict. We therefore affirm.

**{9}   IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**SHAMMARA H. HENDERSON, Judge**